IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| WALLACE WHITELY, #324812 § | |
| § | |
| V. § | CIVIL ACTION NO. G-03-555 |
| § | |
| NICK RUSSO, ET AL. § | |

## REPORT AND RECOMMENDATION

Plaintiff Wallace Whitely brought this complaint pursuant to 42 U.S.C. § 1983 against Defendants Nick Russo, Samantha York, Daniel Evans, and Kwasena Owusu, alleging deliberate indifference to his serious medical needs. On December 15, 2005, Defendants Motion to Dismiss was granted by Order of the District Court with respect to claims for monetary damages against Defendants in their official capacities; the Motion to Dismiss was denied as to claims of deliberate indifference to serious medical needs. Now before the Court is Defendants' Motion for Summary Judgment, to which no response by Plaintiff has been filed. Having reviewed all relevant pleadings and summary judgment evidence, this Court makes the following recommendation to the District Judge.

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party in a summary judgment action "bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, interrogatories, and admissions on file, together with the affidavit(s), if any, which are believed to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Id.* at 325. This burden is not satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v.*

*Liquid Air Corp*. 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, the non-moving party must come forward with competent summary judgment evidence showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Summary judgment may not be awarded by default, however, merely because the moving party has failed to respond. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the Court may not grant the motion, regardless of whether any response was filed." *Hetel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995)(citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). Nonetheless, the District Court may accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Plaintiff alleges that on or about May 2, 2002, he was transferred from the Eastham unit to the Ramsey I unit of the Texas Department of Criminal Justice-Institutions Division. Before leaving the Eastham unit, his personal property, including his dentures that he purchased in 1998,[1] was inventoried and stored. After arriving at Ramsey I, Plaintiff's dentures were missing from his personal property. Plaintiff filed Step One and Step Two grievances in an attempt to have his dentures returned, and was told that the dental staff did not have the authority to instigate new or replacement dentures without a recommendation from the doctor; and, Plaintiff would be placed "back on the dental schedule" to resume his dental treatment plan. Plaintiff claims that he had no teeth, and without his dentures was unable to eat. He alleges that he lost a substantial amount of weight and experienced stomach pains and physical pain and distress from sore gums. Plaintiff

---

[1] Plaintiff's Complaint, Exhibit A.

claims Defendants were deliberately indifferent to his serious medical needs by ignoring his need for dentures to chew; a slow-eating pass; a supplemental diet; and, ignoring his loss of weight.

Defendants assert that Plaintiff was provided with continuous, prompt care and accommodations such as slow-eating passes and soft or pureed foods until dentures were available. Defendants concede that while Plaintiff may have needed dentures, they lacked the authority, under TDCJ policy, to issue them to him and were not personally involved in the delay in his obtaining them. Defendants note that Plaintiff did receive dentures in June, 2004.

Deliberate indifference to a convicted inmate's serious medical needs constitutes a violation of the Eighth Amendment to the Constitution. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989). The facts as alleged must show "an unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 219 (1986). In order to state a cognizable claim, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. Deliberate indifference is a legal conclusion which must rest on facts evincing wanton actions on the part of the Defendants. *Walker v. Butler*, 976 F.2d 176 (5th Cir. 1992). A defendant acts with deliberate indifference only if he knows that inmates face a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994).

Defendant Russo is a dentist employed by UTMB, and states in his sworn affidavit that he never saw Plaintiff as a patient, but merely issued a letter, dated March 7, 2003, informing inmates of a memorandum generated by the UTMB Dental Director, which stated that no new denture cases would be started unless medically necessary.[2] (On March 29, 2003, a subsequent memorandum was generated amending the former directive to state that new denture cases could be started if there had

---

[2] Defendants' Motion for Summary Judgment, Exhibit A.

3

previously been treatment planned prior to the March 7, 2003 date. Plaintiff was eligible under this new directive.)

Defendant York works for the Health Services Division in Huntsville, Texas, and is not involved in any individual inmate's treatment on a unit level.

Defendant Evans was a dentist employed by UTMB, and states in his sworn affidavit: "In 2002-2003, eligibility for dentures for offenders was governed by policy, it was not left to the discretion of the treating dentist...The issuance of dentures was audited by the State, and the unit medical department would get disciplined if it issued dentures to a non-eligible offender."[3] There is no evidence in the medical records that Dr. Evans ever saw or examined Plaintiff, and he states in his affidavit that he has no recollection of him.

Defendant Owusu is a physician employed by UTMB.  She states in her sworn affidavit that her only role in Plaintiff's medical care was to document whether he had lost weight.  "My understanding is that an offender must have documented weight loss in order to qualify for dentures under policy. [4]

Defendants assert that they are entitled to judgment as a matter of law as Plaintiff failed to establish a constitutional claim against them and has failed to overcome their entitlement to qualified immunity.  The medical records corroborate their assertion.

Based on pleaded facts and summary judgment evidence, it clearly appears that Defendants had no personal involvement in the harm for which Plaintiff sues. The only Defendant who appears to have even seen or examined Plaintiff is Dr. Owusu, and there is no evidence that her involvement in his care amounted to anything other than documenting his weight

---

[3] Defendants' Motion for Summary Judgment, Exhibit B.

[4] Defendants' Motion for Summary Judgment, Exhibit C.

Personal involvement is an essential element of a civil rights cause of action and requires that Plaintiff establish an affirmative link between his injuries and Defendants' personal conduct. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976); *see also Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 758 (5th Cir. 1986), *aff'd in part and remanded in part*, 491 U.S. 701 (1989). As stated by the Fifth Circuit in *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir. 1987), an individual Defendant is entitled to a "specific recital" of the wrongs he is alleged to have **personally perpetrated** on the Plaintiff. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986). Because no facts have been pleaded to show that any of the Defendants were, in any way, involved in the decision to issue dentures to the Plaintiff, they lack the personal involvement necessary to subject them to liability under Section 1983.

Moreover, Plaintiff has failed to show that prison officials ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need. The evidence shows that Plaintiff was evaluated for dentures and was included in the pre-2003 group of inmates who would be issued dentures when they became available. Accommodations (noted above) were made at the prison, at the request of his treating physicians and dentists, to alleviate his dentition problem until he received dentures. Medical records show that Plaintiff's stomach pains were caused by his history of H. pylori, a stomach bacteria that can cause ulcers or ulcer-like symptoms, and that he received treatment for this condition. Plaintiff has failed to show he suffered any illness or harm, beyond discomfort, because he did not have dentures. Nor do medical records suggest such. His weight never dropped more than four or five pounds and, in fact, he gained ten pounds before the issuance of his dentures. Other pain of which Plaintiff complains was unrelated to his inability to chew food.

The Court is not insensitive to Plaintiff's claims and sympathizes with the frustration, inconvenience and discomfort that he was forced to endure without dentures. The Court emphasizes that it would not recommend dismissal simply because Plaintiff had named the wrong Defendants to sue; were this the case, the Court would not hesitate to include the appropriate individuals in the lawsuit. Plaintiff simply failed to raise a claim for deliberate indifference to serious medical needs.

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendants' Motion for Summary Judgment (Instrument no. 40) be **GRANTED** and the instant complaint (Instrument no. 1) be **DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **August 2, 2006,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____17th____ day of July, 2006.

_____
John R. Froeschner
United States Magistrate Judge